REUBEN AVERHEART V. THE STATE.

*No. 3365. Decided February 13.*

30 651
37 229

Gaming—Indictment—Monte—Variance.—Where an indictment charged defendant with "playing at cards in a public place," and the evidence showed that the playing and betting was done at a banking game of "monte," *held*, that there was a fatal variance between the allegations and proof, there being a marked distinction between card playing and betting at gaming banks under our law.

APPEAL from the County Court of Freestone. Tried below before Hon. A. G. Anderson, County Judge.

Appellant was indicted for playing at cards in a public place, and upon his trial and conviction was fined in the sum of $10. The opinion sufficiently states the facts.

*Gardner & Bell*, for appellant.

*J. D. Childs*, County Attorney of Freestone County, filed a brief for the State.

WHITE, PRESIDING JUDGE.—The indictment in this case charged, that appellant "did unlawfully play at a game of cards in a public place, to-wit, at, in, near, and within view of the house of Clavin Smith, where people commonly resorted for the purpose of gaming and fighting." On the trial appellant was convicted, and his punishment assessed at a fine of $10.

The evidence discloses, that "the defendant and others, on Sunday, near the house of Clavin Smith, about seventy-five or one hundred yards from the house, under some trees near a dug-out in an old field, congregated and engaged in playing at a game of 'monte.' They had frequently met at or near this place before for the same purpose. On the occasion spoken of by the witnesses some of the parties played at monte, while the others 'shot craps' with dice, while some did not take any part in the game at all."

All the testimony goes to show, that the playing and betting was done at the banking game of monte. Monte, under our statutes, is known as and denominated a "banking game," or a game which is played, kept, dealt, or exhibited. It is one of the games that has a keeper, dealer, or exhibitor, and it is based upon the principle of the one against the many—the keeper, dealer, or exhibitor against the betters. It is a game that can not properly be said to be played with cards. Card playing is contradistinguished from gaming tables or banks, and as we understand it, is where cards are played by all the parties engaged in the game against each other, or partners against other partners in the same game, and is not a game where the one—

the banker or exhibitor—is arrayed against all the rest, either directly or indirectly.    Articles 358 and 363 of the Penal Code define and describe games played at tables or banks, and in article 360 monte is mentioned *eo nomine* as one of the games included within the meaning of tables of banking games.

The evidence in this case having established the fact that the parties were betting at a game of monte, and were not, as alleged, "playing cards," it fails to sustain the conviction under the indictment; and for this reason the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.